UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURJIT SINGH,

              Petitioner,

    v.

TONYA ANDREWS, et al.,

              Respondents.

No.  1:26-cv-00206-DC-AC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 1, 10, 11)

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 18, 2026, the magistrate judge filed findings and recommendations which were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within three days.  ECF No. 11.  Respondents filed objections to the findings and recommendations (ECF No. 12), to which petitioner has responded (ECF No. 13).

In their objections, Respondents state that they object "for the same reasons set forth in their opposition to Gurjit Singh's petition for a writ of habeas corpus," and reiterate a few of those arguments.  ECF No. 12.  However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned

1

has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations (ECF No. 11) are ADOPTED;

2.  Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a.  Respondents shall IMMEDIATELY RELEASE Petitioner Gurjit Singh, A-221-349-677, immediately with the same conditions he was subject to immediately prior to his detention on September 26, 2025.  At the time of release, Respondents must return all of Petitioner's documents and possessions.

    b.  Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    c.  Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless they provide at least 7 days' notice to petitioner and hold a pre-deprivation

bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.

3. Petitioner's motion for a preliminary injunction (ECF No. 10) is DENIED as having been rendered moot by this order;

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **March 24, 2026**   _____

Dena Coggins
United States District Judge

3